## CIRCUIT COURT OF WARREN COUNTY

Trace Mountain Products, Inc.

v.

Special Data, Inc.,
Keith Lisenbee,
and Patricia Day

November 3, 1994

Case No. (Law) 93-76

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on November 3, 1994, for trial before the Court without a jury. The plaintiff appeared by its counsel, John Burns Earle, III, Esquire. There was no appearance for the corporate defendant Special Data, Inc. Franklin B. Reynolds, Jr., Esquire, appeared for the individual defendants Keith Lisenbee and Patricia Day, advised the court that he had just been retained to represent them yesterday and moved the court for a continuance. Upon consideration whereof, the Court denied the motion, for the reasons stated, as to the liability of Special Data, Inc., on the plaintiff's account, but did sustain the motion as to the Defendant Keith Lisenbee.

The Plaintiff withdrew its motion for sanctions against Patricia Day, and the motion for judgment was amended to show that the plaintiff's correct corporate name is Trace Mountain Products, Inc., a California corporation.

Evidence was then heard *ore tenus* and argued by counsel. The plaintiff's prefiled exhibits were all introduced into evidence. The Court made the following decision.

### I. *Findings of Fact*

The following facts are found by the greater weight of the evidence.

Special Data, Inc., was formerly a Virginia corporation who was issued a certificate of incorporation on September 10, 1990. On April 9, 1991, the

annual report of Special Data, Inc., for the year 1991 was filed with the State Corporation Commission as required by law listing Keith Lisenbee and Patricia Day as directors and officers of that corporation, which report was filed under the oath of Patricia M. Day.

On September 1, 1992, the corporate status of Special Data, Inc., was terminated by law pursuant to Virginia Code § 13.1-752 for failure to pay its annual registration fee.

In the period from August, 1991 through February 27, 1992, Trace Mountain sold goods to Special Data, Inc., for which Special Data, Inc., is indebted to Trace Mountain in the amount of $32,693.23.

Patricia Day was the secretary-receptionist of Special Data, and was an officer and director, until she terminated all relationship with Special Data in the third week of August, 1992.

In its motion for judgment the plaintiff claims that the individual defendants Lisenbee and Day are personally indebted to it because they took no action pursuant to their statutory duties to collect the assets of the corporation and to discharge its liabilities following termination of its corporate status.

## II. *Conclusions of Law*

Under Virginia Code § 13.1-752 after a corporation is automatically terminated, the directors as trustees of the corporation must proceed to collect the assets of the corporation to sell and dispose of its assets, to discharge its liabilities, to pay any remaining balance to the shareholders, and to take any other steps required to liquidate the business.

Acts taken by the directors in the name of the corporation after it has been dissolved may result in personal liability attaching to the officers and directors of the corporation as was the case in *McLean Bank v. Nelson*, 232 Va. 420, 350 S.E.2d 651 (1986), where the note in question was executed in the hiatus between dissolution for failure to file annual reports and corporate reinstatement. However, in this case, the corporate acts for which liability are sought to be imposed upon the individual defendants occurred before termination of corporate existence, because the last account sued upon is dated February 22, 1992, and the corporation was dissolved September 1, 1992.

In *Moore v. Occupational Safety & Health Review Comm'n*, 591 F.2d 991 (4th Cir. 1979), the United States Court of Appeals for the Fourth Circuit reviewed the circumstances under which the directors of a dissolved Virginia Corporation were personally liable for any liability created

by the continuance of the corporate business after dissolution. In that case, "despite such dissolution and notification [by the State Corporation Commission] . . . the responsible officers and directors of Life Science, continued the normal operations of the plant including the manufacture of the pesticide kepone." *Id.* at 992. As a consequence, the officers and directors who continued to operate the business after its corporate status had been terminated incurred personal liability, because after dissolution by operation of law, "there is no corporation at all, and any actions performed by the directors or officers not looking to the dissolution of the corporation should be deemed individual actions with concomitant liability therefor." *Id.* at 995 quoting Gusky, *Dissolution, Forfeiture, and Liquidation of Virginia Corporations*, 12 U. Rich. L. Rev. 333, 346 (1978). *Moore* is distinguished from the case at bar because the accounts which are the basis of the plaintiff's cause of action were incurred prior to termination of corporate status.

In *Flip Mortg. Corp. v. McElhone*, 841 F.2d 531, 534 (4th Cir. 1988), the United States Court of Appeals for the Fourth Circuit held that the directors of a dissolved corporation who continue to operate the corporate business in violation of Virginia law are liable for debts incurred by the corporation both before and during dissolution, stating:

> Only in extraordinary circumstances are directors liable for corporate debts. Virginia Code §§ 13.1-91 and 13.1-92 must be construed in a manner consistent with a strong public policy of shielding directors from individual liability for corporate debts. The statute does not impose any liability for corporate debt on the directors simply because the corporation has been automatically dissolved. Even after dissolution, the directors are shielded from individual liability if they discharged the duties the statute places on them to marshal assets, pay pre-existing debts, and distribute the remaining funds, if any, to the shareholders. Moreover, the directors may temporarily continue the corporate business as an incident to its liquidation without incurring individual liability. *See Moore*, 591 F.2d at 994, note 5. If the assets are insufficient to discharge pre-existing debts and the expenses of liquidation, directors are not liable for the deficiency. Creditors who dealt with the corporation when it was a going concern have no cause to complain if they are not paid in full. It is fair to assume that they looked to the corporation's

ability to pay, not the directors, when they dealt with the corporation.

The directors' difficulty arises when they violate the law and carry on the business instead of liquidating it. They then become personally liable. *McLean Bank*, 232 Va. 420, 350 S.E.2d 651 (1986).

The Court went on to note that under the Virginia statute, the directors become trustees of the trust res which are the remaining assets of the corporation, and, to the extent that they use this trust res "for operations of the business in violation of the statute instead of paying pre-existing obligations . . . . [T]hey are personally liable . . . for the damages caused by their breach of trust." *Id.* at 535.

Simply because the directors inappropriately continued the business of the corporation after it had been dissolved does not mean that they are automatically liable for the entire amount owed the plaintiff. The plaintiff may only recover to the extent that they were damaged by the directors' breach of their duty as trustees and that duty was to marshal the assets and pay its liabilities according to law. Therefore, the inquiry is what assets did the corporation have on dissolution, whom did it owe, and in what amount, because of the priority of its debts will determine the amount of damage to the plaintiff. *See Flip Mortg. Corp., supra* at 536-537. The plaintiff in this case is a general creditor, so it is entitled to share in the assets if any existed, just as any other general creditor, but the defendants are not automatically indebted to the plaintiff in the amount of the delinquent accounts.

The individual defendants in this case have not cooperated with the plaintiff, and on this point, the court's observation in *Flip Mortg. Corp.*, at 537, is instructive on the point of determining the potential liability of the directors for violating their fiduciary duties owed to the corporation's creditors following its dissolution:

> In determining these facts, it must be remembered that the burden is on the directors as trustees to produce accurate accounts of the assets and affairs of the trust created by section 13.1-91 (now 13.1-752) and to prove any charges or other debts which they wish to advance to limit their liability . . . . Restatement (Second) of Trusts, § 172, Comments a and b (1959). If it is found that the directors neglected to keep accurate records, they

must bear the risk of any uncertainty — they cannot be allowed to profit from uncertainty created by their own wrongdoing.

It remains to be proven by Keith Lisenbee as to whether he was not a director, and, if he was a director, what other charges and debts may be offset against the plaintiff's claim against him.

### III. Decision

For the foregoing reasons, it is further adjudged and ordered that:

1. Judgment is entered in favor of Trace Mountain Products, Inc., a California corporation, against Special Data, Inc., a Virginia corporation, in the amount of $32,693.23, with interest thereon from May 1, 1992, and the costs of this action.

2. The motion for judgment is dismissed, with prejudice, as to the defendant, Patricia Day.

3. This case is continued to December 8, 1994, for trial as to the right of action against Keith Lisenbee.

4. Defendant Lisenbee has the burden of proof at the trial, and he shall file findings of fact and conclusions of law on or before November 28, 1994, as to why he is not liable for the plaintiff's account, and the plaintiff shall have seven days to file such response thereto as deemed advisable.